IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ADVANCED CONCRETE TOOLS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:10-1139 |
| ) | Judge Trauger |
| HERMAN W. BEACH and ) | |
| MANOWN ENGINEERING CO., INC., ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

The Objections filed by the plaintiff to defendant Beech's reading of portions of the deposition of Darwin Gilmore at trial (Docket Nos. 123, 124) are **OVERRULED**. Mr. Gilmore lives in Bonifay, Florida, which is more than 100 miles from this courthouse. Therefore, his deposition may be used at trial (despite the fact that he was a party to this case), unless it appears that his absence was procured by defendant Beech. Rule 32(a)(4)(B), FED. R. CIV. P.

The plaintiff makes a veiled allegation that Mr. Gilmore's absence was procured by defendant Beech because "both Defendants are represented by the same attorney and have maintained a common defense throughout the course of this action." This assertion ignores the fact that former defendant Manown Engineering, whose president is Darwin Gilmore, is no longer a party to this case, having settled with the plaintiff one and one-half years ago, when this case was on appeal. Therefore, it cannot be maintained that this former defendant is still represented by the same attorney in this case. Without more, the plaintiff has failed to establish that Mr. Gilmore's absence was "procured by" defendant Beach. Therefore, the plaintiff may use as evidence portions of Darwin Gilmore's deposition, as he is unavailable under the

1

FEDERAL RULES OF CIVIL PROCEDURE.

It is so **ORDERED**.

Enter this 4th day of March 2014.

 ALETA A. TRAUGER
 U.S. District Judge